YARRUT, Judge.
Plaintiff has appealed from a judgment in favor of Defendant, dismissing his suit at his cost.
Plaintiff alleges that he advanced to Defendant various sums, totalling $10,000.00, between 1952 and 1958, on the promise and representation that she would execute a mortgage on her home to secure the same, which she refused to do; and, alternatively, that he had an agreement with Defendant that Defendant would take title to the home as his agent and for his account and convenience, and later transfer the same to-him on demand, which she fraudulently refused to do; that he furnished the funds for the purchase of the lot and for the construction and furnishing of the home.
Plaintiff then prayed that he have judgment against Defendant for $10,000.00, secured by an equitable mortgage on the property; or, in the alternative, that the property be declared Plaintiff’s property, and held in trust by Defendant for his account.
Defendant filed exceptions of no right or cause of action, and plea of prescription of three years. The exception of ho cause of action was levelled at the failure to allege the agreement to mortgage and to purchase was in writing; and the plea of prescription because an action to recover for money loaned is prescribed after three years.
The claim for a mortgage and title- must fall because there was no writing' or judicial admission to support either demand, parol evidence being incompetent to prove an interest in or title to an immovable. LSA-C.C. Arts. 2440, 2462, 3305, 3308.
Plaintiff is therefore relegated to his claim for money loaned. There is no evidence of any written acknowledgment of indebtedness or promise by Defendant to Plaintiff. The evidence disclosed these facts;
*288 Plaintiff operated a colored restaurant in the suburbs of New Orleans, which appeared to be very successful. Defendant was his hostess and restaurant manager for 18 years. Defendant admits Plaintiff paid her a weekly salary, and, from time to time, gave her bonuses. No demand was ever made upon Defendant for the payment of the alleged loans until early in 19S8, when, without apparent notice or warning. Defendant left Plaintiffs employ and went to Chicago and married. It was only then that Plaintiff decided or demanded the repayment of the alleged loans.
Plaintiff is corroborated, in part, by Mr. Harry T. Kelly, of Louisville, Ky., who, at that time, was in New Orleans as agent of a mortgage corporation, an affiliate of a construction company. Pie testified, by deposition, that on one occasion, in the presence of Defendant, Plaintiff advanced to him for her account, from his wallet, $1,-000.00 in currency; and on another occasion $1,000.00 to one of his employees for Defendant’s account; on each occasion to assist Defendant in the building of her home; that Defendant on neither occasion acknowledged that she was indebted or that the money was being loaned to her.
Even conceding that these two payments of $1,000.00 were loans to Defendant, which she denied, there was no written acknowledgment or promise to pay, hence the three-year prescription under LSA-C.C. Art. 3538 would apply in an action to recover for money loaned.
As further evidence of moneys Plaintiff claims to have advanced for Defendant’s account, he produced a series of deposit slips of the National Bank of Commerce in New Orleans, beginning January 1953 and terminating as late June 5, 1958. The district judge refused to admit the slips in evidence because there was no proof on their face that they were deposited to the account of Defendant, and gave Plaintiff an opportunity to produce the bank records to prove the deposits were made to the account of Defendant. The record contains no such proof and Plaintiff’s attorney admitted, in open court, that he did not offer any further proof as required by the district court. Even if these accounts had been proved as having been deposited by Plaintiff to Defendant’s account in bank, a total of $2,562.46 would be clearly prescribed by three years, leaving a balance of $1,-498.00. However, as stated above, without any proof that these amounts were deposited to Defendant’s account, Plaintiff has failed in his proof with respect to these so-called bank deposits for account of Defendant.
Plaintiff also produced a receipted bill for $297.52 he claims he paid for account of Defendant for labor and material for a concrete walk in front of her home. The bill is in the name of Defendant and is marked “Paid in Full,” on August 12, 1954, without any reference to Plaintiff. There is another bill for $213.21 for air conditioning Defendant’s home, in the name of Defendant, and marked “Paid” on June 5, 1955. Recovery for the bill paid August 12, 1954, even if Plaintiff advanced the money as a loan to Defendant, would be prescribed.
The record shows that Defendant was living in the home with her parents, both of whom were gainfully employed, and with her earnings and their earnings, they were able to meet the monthly mortgage payments on the home.
Considering the inconsistencies of Plaintiff’s demands for an equitable mortgage and for title to the property, and considering the long period over 18 years of the close relationship between them as employer and employee, and without any acknowledgment or promise to pay any moneys advanced to Defendant or paid for her account, and no demand thereafter having been made by Plaintiff until she took sudden leave and left his employ to go to Chicago and marry, leaves only one conclusion, and that is, Plaintiff’s claim is the re- *289 suit of an after-thought and an act of retaliation because of her apparent desertion of him. In any event, Plaintiff has woefully failed in his burden of proof.
For the reasons assigned, the judgment of the district court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.